## SMITH v. ACADIA OVERSEAS FREIGHTERS, Limited.

### THE VICTORIA COUNTY.

#### No. 10853.

United States Court of Appeals Third Circuit.

Argued Dec. 19, 1952.

Decided Feb. 10, 1953.

Herman Moskowitz, Philadelphia, Pa., for appellant.

Harrison G. Kildare, Philadelphia, Pa. (Rawle & Henderson, Philadelphia, Pa., J. Welles Henderson and Joseph W. Henderson, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and STALEY, Circuit Judges.

BIGGS, Chief Judge.

The suit at bar is based on a maritime claim for personal injuries suffered by the libellant, Smith, an employee of a stevedoring contractor, on board the S.S. Victoria County at dock at Chester, Pennsylvania. Various grounds of liability are alleged including failure by the ship and the shipowner, the respondents, to provide a safe place to work, failure to supply safe appliances and appurtenances, and failure to supply adequate supervision. The court below concluded that the injury was caused by a defect in an extension ladder which Smith and another employee of the stevedoring contractor were using in the No. 4 hold and that, since it was not proved by Smith that the ship furnished the ladder, to hold the ship or the shipowner liable "* * * would constitute an unwarranted extension of the doctrine of Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099". [104 F.Supp. 795.]

The record is both meager and chaotic. It is not clear at what time of day the accident occurred; whether during the daytime or after dark. A Deputy Commissioner of the Bureau of Employees Compensation, United States Department of Labor, who had conducted an investigation of the compensation carrier's liability, testified that the accident took place about 2 P.M. on December 29, 1948, but there is an indication from some unidentified documents in the record that the injury may have occurred at about 10 A.M. in the morning. Smith testified that he was injured about 5 P.M. when it was "dark" outside the hold. The time of day when the accident occurred is material for it has direct bearing on the issue of the degree of lighting in the hold and hence on the liability of the ship. The lighting in the hold is relevant to the issue of whether the libellant was able to see that the hooks on the extension ladder were defective. The statements contained in the ninth finding of fact seem contradictory and apparently do not find support in the evidence. There are also other inconsistencies and contradictions in the findings which need not be specifically referred to here.

The court below, as we have said, found that the ladder was defective though we can find no direct competent evidence on this point, nor can we see how the doctrine of *res ipsa loquitur* could be applied on the facts of this record. The court's finding in this regard seems to be based on Smith's own evidence despite the fact that he testified that he did not see the ladder after the accident and that it was too dark for him to see it while he was working inside the hold. It is clear, however, that he had begun his work in the hold early in the morning. The dimensions of the hold are not given, and we are left to surmise whether daylight could have penetrated to the interior of the hold despite the coaldust created by the hold-cleaning operations. It may be that the ladder could have been found to have been defective on certain documentary evidence but, as we have said, since this is largely unidentifiable no proper finding can be based thereon.

Smith testified that he and his fellow-worker "hollered up" for lights but it is not clear whether this demand was ever communicated to the ship's bos'n who may have been under the duty to supply lights. No custom or practice was shown in this connection. It also does not appear whether lights were or were not necessary for we cannot be certain at what time, in daylight or darkness, the accident occurred.

There is evidence that there were no blowers in the hold to remove coal-dust, but there is no indication as to who was obligated to supply them under the circumstances, the ship or the stevedoring contractor. Moreover, we cannot say on the present meager record that such blowers were or were not necessary.

The contract between the ship and the stevedoring contractor is not in evidence and we have no intimation as to what provisions it may have contained respecting the control of that part of the vessel where Smith was injured.

No officer of the ship or the stevedoring contractor was called to testify.

Smith's fellow worker in the hold was not a witness.

We note also that an answer was made by one of the respondent's officers to the libellant's 17th interrogatory that the extension ladder was supplied by the stevedoring contractor. But it is not apparent that this answer was introduced in evidence or was even considered to be competent. No reference was made to the answer in the briefs or oral argument of either party in this court. We observe that Smith testified that he saw no ladder on the truck which brought him and his fellow employees to the S.S. Victoria County but we note also that he stated that he was sitting in such a position in the stevedoring contractor's truck that he could not have seen a ladder had one been on that vehicle.

The instant case is before us *de novo*. We cannot reach the issue which the court below considered dispositive on the Sieracki case. We could, of course, take testimony in this court and endeavor to establish a record which would afford an adequate basis for a decision. Such a course does not commend itself. The court below is the more appropriate tribunal for the trial of the issues presented by the pleading.

We will vacate the judgment and remand the case with the direction to the court below to grant a new trial, the presiding judge at the prior hearing being no longer a member of the court. The record should be enlarged by any pertinent evidence which is available. Exhibits must be properly identified in the record, and consistent findings of fact supported by the evidence must be made.

Many of the difficulties here presented would have been obviated, we think, by the employment of adequate pretrial procedure.

An order will be entered in accordance with this opinion.